UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Shivette Howard, )
    Plaintiff, )
    v. )
DuPage Housing Authority, )
    Defendant. )

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

Plaintiff, SHIVETTE HOWARD, sues Defendant, DUPAGE HOUSING AUTHORITY, and alleges:

**PRELIMINARY STATEMENT**

1. Plaintiff Shivette Howard has participated in the Section 8 Housing Choice Voucher Program (Voucher Program), pursuant to Section 8 of the United States Housing Act of 1937, (Housing Act), 42 U.S.C. §1437f(o), since 2002. Defendant DuPage Housing Authority (DHA) terminated Plaintiff's participation in the Voucher Program without an adequate opportunity for a hearing in violation of both the Fourteenth Amendment to the United States Constitution and the Housing Act.

2. Plaintiff seeks declaratory relief that Defendant violated her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Housing Act; injunctive relief restoring her right to participate in and receive rental assistance under the Voucher Program; monetary damages for her loss of rental assistance; and attorneys' fees. Plaintiff states her claims pursuant to 42 U.S.C. § 1983.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 because this action arises under the Constitution and laws of the United States, specifically, the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Housing Act, as amended, 42 U.S.C. §§ 1437d and 1437f.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) because this action arises pursuant to 42 U.S.C. § 1983, which prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

5. Finally, this Court has jurisdiction pursuant to its authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## VENUE

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because the events upon which this Complaint is based occurred in this district.

## PARTIES

7. Plaintiff Shivette Howard, a natural person, has at all times relevant to this action resided in DuPage or Cook County, Illinois. She is a low income adult who participated in the Voucher Program from approximately 2002 until January 2013, when Defendant unlawfully terminated her participation in the Voucher Program.

8.     Defendant DuPage Housing Authority is an Illinois municipal corporation, created and existing under the Housing Authorities Act, 310 ILCS § 10/1 et seq. It is a public housing agency (PHA) as defined in the Housing Act and authorized to administer the Voucher Program in DuPage County.

## STATUTORY AND REGULATORY FRAMEWORK

9.     The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

10.     Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... ." 42 U.S.C. § 1983.

11.     Congress established the Voucher Program to aid "low-income families in obtaining a decent place to live and [promote] economically mixed housing." 42 U.S.C. §§ 1437f(a).

12.     Congress delegated to the U.S. Secretary of Housing and Urban Development the responsibility to implement regulations for the administration of the Voucher Program. 42 U.S.C. § 1437f(g).

13.     Under the terms of the Voucher Program, eligible families receive a voucher from the PHA. The family locates a unit in the private housing market and submits a request for tenancy

approval to the PHA. The PHA inspects the unit to confirm that it has been maintained in compliance with "housing quality standards," and negotiates a reasonable rent with the owner. 42 U.S.C. § 1437f(o)(8) and (10)(B). Once the PHA approves the unit, the family signs a lease agreement with the owner, and the owner signs a housing assistance payments contract with the PHA. The PHA sends the owner monthly housing assistance payments equal to the difference between the total contract rent and the family's payment. 42 U.S.C. § 1437f (o)(2).

14. Congress required HUD to establish regulations that require each PHA to establish and implement an administrative grievance procedure under which tenants are advised of the specific grounds of any proposed adverse public housing agency action; have an opportunity to challenge the proposed action by submitting a timely request for a hearing before an impartial party; have an opportunity to examine any documents or records or regulations related to the proposed action; be entitled to be represented by another person of their choice at any hearing; are entitled to ask questions of witnesses and have others make statements on their behalf; and are entitled to receive a written decision by the public housing agency on the proposed action. 42 U.S.C. § 1437d(k).

15. The federal regulations governing the Voucher Program are codified at 24 C.F.R. Part 982. These regulations provide that the Voucher Program is administered by local PHAs. 24 C.F.R. § 982.1(a).

16. A PHA may terminate a family from participating in the Voucher Program only for the reasons enumerated in the regulations. 24 C.F.R. § 982.552(b).

17. PHAs must give the family notice and the opportunity for an informal hearing to review the decision to terminate. 24 C.F.R. § 982.555(a)(1)(v). Specifically, the notice requirements provide:

4

>(c) Notice to family.
>
>(1) In the cases described in paragraphs (a)(1) (i), (ii) and (iii) of this section, the PHA must notify the family that the family may ask for an explanation of the basis of the PHA determination, and that if the family does not agree with the determination, the family may request an informal hearing on the decision.
>
>(2) In the cases described in paragraphs (a)(1) (iv), (v) and (vi) of this section, the PHA must give the family prompt written notice that the family may request a hearing. The notice must:
>>(i) Contain a brief statement of reasons for the decision,
>>(ii) State that if the family does not agree with the decision, the family may request an informal hearing on the decision, and
>>(iii) State the deadline for the family to request an informal hearing.
>
>(d) Expeditious hearing process. Where a hearing for a participant family is required under this section, the PHA must proceed with the hearing in a reasonably expeditious manner upon the request of the family.

18. The informal hearing regulation requires PHAs to allow Voucher Program participants to review evidence before the hearing, present evidence at the hearing, and be represented by counsel at their own expense. 24 C.F.R. § 982.555(e).

19. HUD requires PHAs to adopt administrative plans to provide additional details for the administration of their Voucher Programs. Specifically, PHAs are required to include in their administrative plans informal hearing procedures for participants. 24 C.F.R. § 982.54(d)(13). PHAs must administer the program in accordance with the administrative plan. 24 C.F.R. § 982.54(c).

20. DHA has adopted an Administrative Plan (Admin. Plan). DHA's Admin. Plan in effect for the relevant time period was adopted in 2012 and may be found at http://www.dupagehousing.org/download/administrative/DHA2012AdminPlan.pdf (DHA adopted amendments to that plan in June 2013 and April 2014, after the events at issue in the present case.)

21. According to its 2012 Administrative Plan, DHA may not terminate a family from the Voucher Program until the time allowed for the family to request an informal hearing has elapsed and any requested hearing has been completed. Admin. Plan, chapter 16, page 9. A request for an informal hearing must be made in writing and delivered to DHA either in person or by first class mail, by the close of the business day, no later than 10 business days from the date of the DHA's decision or notice to terminate assistance. Admin. Plan, chapter 16, page 11.

22. DHA must schedule and send written notice of the informal hearing to the family within 30 business days of the family's request. Admin. Plan, chapter 16, page 11.

23. The family may request to reschedule a hearing for good cause, or if it is needed as a reasonable accommodation for a person with disabilities. Admin. Plan, chapter 16, page 11.

24. If the family does not appear at the scheduled time and wants to reschedule the hearing, the family must contact DHA within 24 hours after the scheduled hearing date, excluding weekends and holidays. DHA will reschedule the hearing only if the family can show good cause for its failure to appear, or if it is needed as a reasonable accommodation for a person with disabilities. (Admin. Plan, chapter 16, page 11.)

**FACTS**

25. Ms. Howard supports herself and her four minor children on the approximately $600 per month she earns through employment. She has no other source of income and thus cannot afford market rent.

26. When Ms. Howard first started receiving rental assistance through the Voucher Program in 2002, she lived in DuPage County and therefore received her assistance from DHA. In 2008,

6

after residing in Chicago, Ms. Howard moved to Willowbrook, Illinois. DHA administered her participation in the Voucher Program.

27. In or around March 2012, Ms. Howard's employer reduced her hours and her income decreased by approximately 50%.

28. As a participant in the Voucher Program, Ms. Howard could ask DHA to exam her change in income (known as an "interim recertification"). 24 C.F.R. § 982.516(b)(2). DHA must process her request and reduce her rental obligation if her family income has decreased. Admin. Plan, chapter 11, page 8.

29. Ms. Howard requested an interim recertification. DHA did not process her request and later indicated to her that it had not received her request.

30. Ms. Howard fell behind in rent payments because DHA did not adjust her share of the rent and she could no longer afford her rent payment.

31. In August 2012, DHA conducted an annual recertification of Ms. Howard's income and reduced her rental obligation from approximately $300 to $170. DHA did not make the reduction retroactive.

32. In September 2012, Ms. Howard's landlord sued to evict her for nonpayment of rent. Ms. Howard and the landlord entered into an agreed order with a repayment agreement to give Ms. Howard an opportunity to satisfy her debt over time. Ms. Howard remained thereafter in the assisted unit.

33. On or about November 28, 2012, DHA sent Ms. Howard a written notice of its intent to terminate her participation in the Voucher Program on the grounds that she was in arrears in her rent payment to her landlord. The notice is attached hereto as Exhibit 1.

34. Within ten days after receiving this notice, Ms. Howard submitted a timely request for a hearing.

35. On or about December 21, 2012, DuPage sent to Ms. Howard, by certified mail, written notice that her hearing would be held on December 28, 2012.

36. The United States Postal Service attempted delivery of this Notice on December 24, 2012.

37. Ms. Howard was not home, and the mail carrier left a card stating that she could pick up the letter at the post office on December 31, 2012. A copy of this card is attached hereto as Exhibit 2.

38. Prior to the December 28 hearing, therefore, Ms. Howard received no notice of the hearing.

39. Ms. Howard called DHA after January 1, 2013 and a DHA representative notified her that the decision to terminate her assistance was upheld because she failed to appear at the hearing.

40. On or about February 11, 2013, DHA sent Ms. Howard a letter explaining that it had terminated her from the Voucher Program because she did not attend or attempt to reschedule her hearing. A copy of this letter is attached hereto as Exhibit 3. (The author of the letter inadvertently dated it February 11, 2012, but the content clearly establishes that it was sent after the hearing scheduled for December 28, 2012.)

41. Ms. Howard, individually and then with the help of Prairie State Legal Services (PSLS), requested another hearing. In a letter dated July 1, 2013, a PSLS attorney advised DHA that Ms. Howard had not received notice of the hearing and requested a hearing. A copy of this letter is attached hereto as Exhibit 4.

42. In January 2014, a DHA representative orally told the PSLS attorney that it would not reschedule the hearing.

43. In March 2013, as a result of DHA terminating her participation in the Voucher Program, Ms. Howard moved from her residence. Although she had continued to pay her portion of the rent and the arrearage amount, according to the payment plan with her landlord, she could not afford the market rent. Since moving from the assisted unit, Ms. Howard and her children have temporarily stayed in the homes of family members. Currently, she and her children sleep on the couch and floor of a family member's apartment.

44. Prior to DHA terminating her participation in the Voucher Program, Ms. Howard worked as a Certified Nursing Assistant in private homes. Her current inability to afford market rent and maintain her own apartment makes it difficult to keep clients and cause her to lose even more income.

45. Ms. Howard is without any adequate remedy at law.

## COUNT I
### Fourteenth Amendment Due Process

46. Count I, brought pursuant to 42 U.S.C. § 1983, claims Defendant violated Ms. Howard's Due Process rights secured under the Fourteenth Amendment to the United States Constitution.

47. The Fourteenth Amendment to the United States Constitution prohibits a State from "depriv[ing] any person of… property, without due process of law…."

48. Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

in an action at law, suit in equity, or other proper proceeding for redress ... ." 42 U.S.C. § 1983.

49. Defendant is a "person" under 42 U.S.C. § 1983.

50. Defendant acted "under color" of state law under 42 U.S.C. § 1983.

51. Ms. Howard's participation in the Voucher Program is a property interest protected by the constitutional requirement of due process.

52. Ms. Howard has asserted a procedural due process claim against Defendant for failing to provide due process in the deprivation of a protected property interest.

53. Defendant failed to accord Ms. Howard due process by failing to give her notice of her hearing reasonably calculated to allow her to participate in the hearing and exercise other rights, such as the right to be represented by counsel, at her own cost, or her right to review DHA's file before the hearing.

54. Defendant failed to accord Ms. Howard due process by failing to grant her a new hearing, after she had demonstrated good cause for missing her first hearing.

55. Ms. Howard has been harmed by Defendant's actions and is entitled to declaratory relief and monetary damages.

### Count II
### United States Housing Act of 1937

56. Count II, brought pursuant to 42 U.S.C. § 1983, claims Defendant violated Ms. Howard's right to a hearing provided by the United States Housing Act of 1937, 42 U.S.C. § 1437 et seq., including 42 U.S.C. § 1437d(k) and the Voucher Program implementing regulations, 24 C.F.R. Part 982.

57. Defendant is a "person" under 42 U.S.C. § 1983.

58. Defendant acted "under color" of state law under 42 U.S.C. § 1983.

59.     Defendant violated 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.552(d)(2) by failing to give Ms. Howard written notice of her hearing reasonably calculated to allow her to participate in the hearing and exercise other rights, such as the right to be represented by counsel, at her own cost, or her right to review DHA's file before the hearing.

60.     Defendant violated 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(d) by terminating Ms. Howard from the Voucher Program by failing to grant her a new hearing, after she had demonstrated good cause for missing her first hearing.

61.     Ms. Howard has been harmed by Defendant's actions and is entitled to declaratory relief and monetary damages.

**Requests For Relief**

WHEREFORE, Plaintiff Shivette Howard requests that this Court:

A.      Issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendant's failure to provide Ms. Howard with written notice that was reasonably calculated to allow her to participate fully in the hearing and its refusal to grant her a new hearing after she had demonstrated good cause for missing her first hearing violated the due process clause of the Fourteenth Amendment to the United States Constitution;

B.      Issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendant's failure to provide Ms. Howard with written notice that was reasonably calculated to allow her to participate fully in the hearing and its refusal to grant her a new hearing after she had demonstrated good cause for missing her first hearing violated 42 U.S.C. § 1437d(k) and 24 C.F.R. §§ 982.555;

C.Permanently enjoin Defendant from terminating Ms. Howard from the Voucher Program without granting her the process required by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1437d(k), and 24 C.F.R. 982;

D.Award Ms. Howard compensatory damages she incurred while homeless as a result of Defendant's termination of her from the Voucher Program;

E.Award Ms. Howard reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F.Grant such other and further relief as this Court deems just and proper.

/s/ Michelle J. Gilbert
Attorney for Plaintiff

Michelle J. Gilbert (ARDC# 6193886)
Shareese Pryor (ARDC# 6306771)
LAF
120 S. LaSalle, Suite 900
Chicago, IL 60603
(312) 347-8315

Dated: September 29, 2014