**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SHIVETTE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14cv07578 |
| | ) | Judge Harry D. Leinenweber |
| DUPAGE HOUSING AUTHORITY, | ) | |
| An Illinois Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DUPAGE HOUSING AUTHORITY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNT I AND COUNT II
PURSUANT TO RULE 12(b)(6)**

Defendant, DuPage Housing Authority, by and through its attorneys, Mahoney, Silverman & Cross, LLC, for its Memorandum of Law in Support of its Motion to Dismiss Counts I and II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states:

**INTRODUCTION**

Plaintiff Shivette Howard ("Plaintiff") brings suit against the DuPage Housing Authority ("DHA") in Count I and II under a §1983 claim for Plaintiff's "failure to give her notice of her hearing reasonably calculated to allow her to participate in the hearing." [Plaintiff's Complaint ("Compl."), Doc. No. 1, ¶¶ 53, 59] Plaintiff fails to state a plausible cause of action against DHA in both counts as Plaintiff fails to allege a violation of procedural due process rights and fails to allege a violation of the applicable law.

**ARGUMENT**

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 878 (7th Cir. 2012). A Plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level.

1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means a claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In deciding whether a complaint is plausible, the court must separate out mere conclusions which are not entitled to the assumption of truth from factual allegations, assumed to be true, plausibly giving rise to entitled relief. *Id*. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion. *Bell Atl. Corp.*, 550 U.S. at 555.

## I.    COUNT I SHOULD BE DISMISSED AS PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS.

To state a procedural due-process claim, a plaintiff must allege (1) a deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996) (citation omitted). Under the second prong, a determination of the process due must be made. *Id.*

Here, Plaintiff alleges a procedural due process claim against DHA for "failing to provide due process in the deprivation of a protected property interest." [Compl. ¶ 52] Specifically, she states that DHA failed to accord her due process by failing to give her notice of her hearing and failing to grant her a new hearing after she had demonstrate good cause for missing her first hearing. [Compl. ¶¶ 53, 54]

In *Michalowicz*, the Seventh Circuit upheld the district court's dismissal of two claims with prejudice under Rule 12 (b) (6) characterizing a complaint as "challenging only the failure to follow governing ordinances and statutes, rather than challenging the constitutionality of the procedures provided in the ordinances or statutes themselves." *Michalowicz v. Vill. of Bedford*

*Park*, 528 F.3d 530, 534 (7th Cir. Ill. 2008) (citation omitted). The Court held that the relevant constitutional question is whether "sufficient state-law protections exist, not whether sufficient protections were *afforded*." *Id.* As such a "complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the fundamental fairness of the state procedures." *Id.* (citation omitted). "[W]e should not reject [a state-law remedy as inadequate] unless the remedy… can readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment.'" *Id.* at 535 (citation omitted).

In the matter at hand, it is not necessary to determine the process due as federal law has set forth the process that is required in matters where a Public Housing Authority ("PHA") made the decision to terminate a participant from a Section 8 Housing Choice Voucher Program. *See Paragraph II below.* As in *Michalowicz*, Plaintiff does not challenge the constitutionality of these procedures, rather makes a challenge that these procedures were not followed. As such, following the Seventh Circuit, Count I should be dismissed with prejudice.

## II.      COUNT II SHOULD BE DISMISSED AS PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF THE UNITED STATES HOUSING ACT OF 1937.

The United States Housing Act of 1937 states that the Secretary shall by regulation require all PHAs to establish and implement an administrative grievance procedure under which tenants will have an opportunity for a hearing. 42 U.S.C. § 1437 d (k). Title 24, Section 982.555 of the Code of Federal Regulations then sets forth the hearing process requirements. 24 CFR 982.555. Section (c) (1) states that a family may request an informal hearing and Section (d) provides that when a hearing is requested, the PHA must proceed with the hearing in a reasonably expeditious manner. The Code of Federal Regulations does not state a requirement

or specify any manner in which the hearing is scheduled or notification is sent. DHA through its

Administrative Plan set forth these procedures. Chapter 16, Page 11 of DHA's Administrative

Plan, titled Scheduling an Informal Hearing, states,

> A request for an informal hearing must be made in writing and delivered to the DHA either in person or by first class mail, by the close of the business day, no later than 10 business days from the date of the DHA's decision or notice to terminate assistance.

> The DHA must schedule and send written notice of the informal hearing to the family within 30 business days of the family's request.

> The family may request to reschedule a hearing for good cause, or if it is needed as a reasonable accommodation for a person with disabilities. Good cause is defined as an unavoidable conflict which seriously affects the health, safety or welfare of the family. Requests to reschedule a hearing must be made orally or in writing prior to the hearing date. At its discretion, the DHA may request documentation of the "good cause" prior to rescheduling the hearing.

> If the family does not appear at the scheduled time, and was unable to reschedule the hearing in advance due to the nature of the conflict, the family must contact the DHA within 24 hours of the scheduled hearing date, excluding weekends and holidays. The DHA will reschedule the hearing only if the family can show good cause for the failure t appear, or if it is needed as a reasonable accommodation for a person with disabilities.

Plaintiff alleges DHA violated these procedures by (1) failing to give Plaintiff "written

notice of her hearing reasonably calculated to allow her to participate in the hearing and exercise

other rights, such as the rights to be represented by counsel, at her own cost, or her right to

review DHA"s file before the hearing," and (2) failing "to grant Plaintiff a new hearing after she

had demonstrated good cause for missing her first hearing." [Compl. ¶¶ 59, 60] Despite

Plaintiff's allegations, all the United States Housing Act requires is that the "Secretary"

establishes and implements a procedure under which tenants will have an opportunity for a

hearing. All that the Code of Federal Regulations requires is that a PHA allow the family to

request a hearing and then, once requested, proceed with the hearing in a "reasonably expeditious

manner."

The Plaintiff's Complaint shows DHA provided Plaintiff with an "opportunity for a hearing" as stated in the Housing Act. [*See* Ex. 1] Additionally, Plaintiff's Complaint shows DHA allowed the family the opportunity to request a hearing and proceeded with one in a reasonably expeditious manner, as required under the Code. [*See* Compl. ¶ 33, 35, 38, Ex. 1-3] As such, DHA complied with its federal requirements.

Going further, DHA complied with the written notice requirement created under its own Administrative Plan by sending notice of the hearing date and time by certified mail. [Compl. ¶ 35, Ex. 2] [1] The fact that Plaintiff was not home at the time of delivery of the certified mail and a notice was posted indicating the letter was available for pick-up after the hearing date and time, is through no fault of DHA and does not establish a violation by DHA in any way. DHA did all that was necessary of it in complying with the governing rules.

Plaintiff indicates that she phoned DHA after January 1, 2013, though no date is specified, and was informed the decision to terminate was upheld because she failed to appear. [Compl. ¶ 39] She then received notice of the same on February 11, 2013. [Comp. ¶ 40, Exh. 3] It was not until July 1, 2013, seven months after her hearing date and notice of termination, that Plaintiff requested another hearing through a Prairie State Legal Service's attorney. [Compl. ¶ 41] The attorney's letter did not provide the postal office's notice showing the postal office's indication of a December 31, 2012 pick-up date nor did the attorney's letter state that Plaintiff did not receive notice of the hearing. The letter simply stated that Plaintiff had "no knowledge of and did not participate in that hearing." [Ex. 4]

Though, as seen above, DHA's Administrative Plan allows for the rescheduling of the hearing upon "good cause" shown for the family's failure to appear, this is done only if DHA is

---

[1] It is noted that Plaintiff provides the postal notice so obviously received it. It is also noted that the postal notice was delivered to her door prior to the hearing date and the notice does indicate that it is coming from "DuPage Housing."

notified within 24 hours of the hearing date.  Plaintiff's telephone call after January 1, 2013 and Plaintiff's attorney's letter seven months later do not comply with the 24 hour rule.  Neither do they comply with the "good cause" to be shown requirement as the letter indicated only that Plaintiff had "no knowledge" of the hearing and Plaintiff does not claim she presented any information during the January phone call.

Plaintiff's Complaint shows no violation by DHA. DHA provided Plaintiff written notice of her hearing by sending the letter certified mail and DHA was not required to grant her a new hearing.

## <u>CONCLUSION</u>

Wherefore, for the reasons stated above, the Defendant, DuPage Housing Authority, prays that this Honorable Court enter an Order granting dismissal of Count I and Count II with prejudice.

s/Ashley E. Bechtold
Ashley E. Bechtold (ARDC 6305446)
MAHONEY, SILVERMAN & CROSS, LLC
Attorney for Defendant DHA
822 Infantry Drive, Suite 100
Joliet, Illinois  60435
PH:  (815) 730-9500
FX:  (815) 730-9598
abechtold@msclawfirm.com

## CERTIFICATE OF SERVICE/FILING

I hereby certify that on March 9, 2015, I electronically filed Defendant DuPage Housing Authority's Memorandum of Law in Support of its Motion to Dismiss Count I and Count II Pursuant to Rule 12(b)(6) using the CM/ECF system which will send notification of such filing to all counsel listed below: Michelle J. Gilbert mgilbert@lafchicago.org.

s/Ashley E. Bechtold
Ashley E. Bechtold (ARDC 6305446)
MAHONEY, SILVERMAN & CROSS, LLC
Attorney for Defendant DHA
822 Infantry Drive, Suite 100
Joliet, Illinois  60435
PH:  (815) 730-9500
FX:  (815) 730-9598
abechtold@msclawfirm.com
